# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALICE DANIELS, on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | **CASE NO. 2:20-cv-5859** |
| v. | : : | **JUDGE MICHAEL H. WATSON** |
| OHIO STATE UNIVERSITY PHYSICIANS, INC., | : : : | **MAGISTRATE JUDGE ELIZABETH A. PRESTON DEAVERS** |
| Defendant. | : : : | |

**[PROPOSED] STIPULATED ORDER GRANTING JOINT MOTION FOR APPROVAL
OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Alice Daniels ("Representative Plaintiff") sued Ohio State University Physicians, Inc. ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. (ECF No. 1). Representative Plaintiff alleges that Defendant violated the FLSA by failing to pay healthcare employees for certain pre-shift work, and that Defendant deducted meal breaks from their daily, compensable hours worked when their meal breaks were either not taken, shortened, or interrupted with job duties. *Id*. Defendant denies these allegations and asserts that it properly paid its healthcare employees, including Representative Plaintiff, for all hours worked. Nine other healthcare employees have since joined the action as opt-in plaintiffs, and there are another 350 eligible settlement participants who will receive notice of this settlement and have an opportunity to join in the settlement (collectively with Representative Plaintiff, "Plaintiffs"). (ECF No. [#]). Representative Plaintiff and Defendant attended mediation and have settled Plaintiffs' claims and move for approval of their settlement agreement. *Id*.

1

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at \*2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at \*3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at \*1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at \*3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at \*4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether healthcare employees were not paid overtime wages as a result of not being paid for certain pre-shift work and having a

meal deduction applied to their daily, compensable hours worked when their meal breaks were either not taken, shortened, or interrupted with job duties. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Although the parties did not engage in formal discovery, Plaintiffs' counsel was able to assess Defendants' payroll information and perform a damage analysis.

Although the parties dispute both the existence and amount of unpaid overtime, the parties represent that individual settlement payments reflect 82% of the unpaid overtime damages if the FLSA class members worked an additional thirty minutes each week. The exact amount will be calculated on an individual basis depending on how many workweeks each plaintiff worked. Representative Plaintiff will receive a $5,000 service award in addition to her individual payment. In addition, each of the nine opt-in plaintiffs to date will receive a $500 service payment. All these payments are reasonable. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorneys' fees in the amount of $80,000.00 represent one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs.

3

The parties' joint motion, ECF No. [#], is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, the addition of Eligible Settlement Participants and the distribution process.

**IT IS SO ORDERED**:


Date: _____     _____
                                  THE HONORABLE MICHAEL H. WATSON
                                  UNITED STATES DISTRICT COURT JUDGE